NO. 07-10-0011-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 9, 2010

_____


BERNIE MAC WALL AKA BERNIE MACK WALL,
APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____


FROM THE 355TH DISTRICT COURT OF HOOD COUNTY;

NO. CR11138; HONORABLE RALPH H. WALTON, JR., JUDGE

_____


Before CAMPBELL and HANCOCK and PIRTLE, JJ.


**MEMORANDUM OPINION**

Appellant, Bernie Mac Wall a/k/a Bernie Mack Wall, was convicted by a jury of

attempted kidnapping, enhanced by prior felony convictions, for aggravated sexual

assault by threats of violence and force, burglary of a vehicle, and theft from a person.[1]

He was sentenced to twenty years confinement and fined ten thousand dollars.  In

---

[1] *See* Tex. Penal Code Ann. § 20.03 (Vernon 2003); *Id.* at §§ 12.35(c), 12.42(a)(3) (Vernon Supp. 2010).

presenting his appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. See *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman,* 252 S.W.3d at 408.[3] Neither the State nor Appellant filed a response to counsel's brief.

By his *Anders brief*, counsel raises two arguable issues: (1) whether the evidence is legally and factually sufficient to support the trial court's judgment[4] and (2)

---

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal,* counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4. *See In re Schulman*, 252 S.W.2d at 408 n.22 & 411 n.35.

[4] *See Brooks v. State*, No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240, at *57 (Tex.Crim.App. Oct. 6, 2010) (abandoning factual sufficiency as an evidentiary sufficiency standard).

whether the trial court erred by permitting a state jail felony offense to be punished as a second degree felony. Counsel then candidly reviews each arguable issue and explains why no reversible error is presented.

We have reviewed counsel's arguments and we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State,* 436 S.W.2d 137, 138 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.